TERRI KEYSER-COOPER
Law Office of Terri Keyser-Cooper
Nevada Bar Number 3984
3365 Southampton Drive
Reno, NV 89509
Phone: (775) 337-0323
Fax: (775) 337-0471

DIANE K. VAILLANCOURT
Law Office of Diane K. Vaillancourt
Nevada Bar Number 9277
849 Almar Ave., Suite C403
Santa Cruz, CA 95060
Phone: (831) 458-3440
Fax: (831) 458-3653
*Attorneys for Plaintiff Anthony Williams*

Mark S. Askanas, Pro Hac Vice
Cortney L. McDevitt, Pro Hac Vice
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
*Attorneys for Defendants*
*Granite Construction Company and Rod Cooper*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY D. WILLIAMS, | Case No. 3:09-CV-0067-RAM |
| Plaintiff, | |
| vs. | **AMENDED STIPULATED PROTECTIVE ORDER** |
| GRANITE CONSTRUCTION COMPANY and ROD COOPER, | |
| Defendants. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective

order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information, includes, but is not limited to, information which has not been made public and which concerns or relates to confidential personnel records, the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL". Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of

the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a. A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c. Court reporter(s) employed in this action;

    d. A witness at any deposition or other proceeding in this action; and

    e. Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions referencing Confidential Materials shall be taken only in the presence of qualified persons.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material, as it deems appropriate.

8. In the event that any Confidential Materials is used in any court proceedings in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

9. The parties agree that Plaintiff may inspect Defendant Granite Construction Company's

\
\
\
\\\

Lockwood aggregate plant, where Plaintiff worked while he was employed by Defendant, at a mutually agreeable time and date. Plaintiff's inspection will be limited to one (1) hour. Plaintiff may only inspect the premises as to the areas in which Plaintiff actually worked and shall only do so before or after normal working hours, so as not to disrupt any ongoing work projects and for his own safety. Further, Defendant, through its attorney of record, shall be present at all times during the inspection. Defendant shall receive copies of all recorded or graphic material taken for and on behalf of Plaintiff within 30 days of Plaintiff's inspection. All recorded or graphic material taken as a result of this inspection of the premises shall be "confidential information" as outlined in Paragraphs 1 and 2 of this Stipulation.

10. Prior to completing the proposed joint pretrial order, the parties shall meet and confer to determine which documents identified as "confidential" may be presented at trial and, as appropriate, what portions of said documents are to be redacted. Should the parties fail to come to agreement, they shall jointly seek a court hearing to resolve their differences.

11. This order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of an party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and

the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 22, 2009

JACKSON LEWIS LLP

By: _____
Mark S. Askanas
Cortney L. McDevitt
Attorneys for Defendants
GRANITE CONSTRUCTION COMPANY and
ROD COOPER

Dated: June 23, 2009

By: _____
Terri Keyser-Cooper
Diane K. Vaillancourt
Attorneys for Plaintiff ANTHONY WILLIAMS

**IT IS SO ORDERED:**

Dated: June 23, 2009

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the District Court for the District of Nevada in the case of *Williams v. Granite Construction Corp. et al.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]